[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16655
_____

D.C. Docket No. 1:11-cv-01366-CAP


CHEMENCE MEDICAL PRODUCTS, INC.,

 Plaintiff - Counter Defendant - Appellant,

CHEMENCE, INC.,

 Consol Plaintiff - Counter Defendant - Appellant,

 versus

JAMES QUINN,

 Defendant - Counter Claimant - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 12, 2017)

Before WILSON and BLACK, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

Chemence, Inc. (Chemence) and Chemence Medical Products, Inc. (CMPI) appeal the district court's denial of their motion for judgment as a matter of law, its denial of their motion for a new trial, and certain of its evidentiary rulings in this litigation against Dr. James Quinn. After consideration of the parties' briefs, and with the benefit of oral argument, we affirm.[1]

Chemence and CMPI (together, the Chemence Parties) raise seven issues in this appeal. First, they contend the district court erred in granting judgment as a matter of law because the oral contract between CMPI and Quinn was barred by the statute of frauds. Second, they assert the district court erred in excluding the testimony of the Chemence Parties' attorney, Robert Wilson. Third, the Chemence Parties argue the district court erred in refusing to grant judgment as a matter of law to them on Quinn's corporate alter ego theory. Fourth and fifth, they submit

---

[*] Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

[1] This Court reviews *de novo* a motion for judgment as a matter of law, and must determine whether a reasonable jury would have had a legally sufficient evidentiary basis to find for the non-moving party on that issue. Fed. R. Civ. P. 50(a)(1), (b); *Abel v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir. 2000). "[T]he court must evaluate all the evidence, together with any logical inferences, in the light most favorable to the non-moving party." *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016) (quotation omitted). The motion will be denied if "reasonable minds could reach differing verdicts." *Abel*, 210 F.3d at 1337.

A district court's evidentiary rulings are reviewed for an abuse of discretion. *Proctor v. Fluor Enter., Inc.*, 494 F.3d 1337, 1349 n.7 (11th Cir. 2007). Finally, this Court reviews a ruling on a motion for a new trial for abuse of discretion. *McGinnis*, 817 F.3d at 1255.

that the district court abused its discretion when it excluded their damages witness and permitted Quinn's damages witness to testify. Sixth, they contend Quinn's future damages were not recoverable under Georgia law and the district court should have granted judgment as a matter of law on that basis. Finally, the Chemence Parties assert the district court should have granted their motion for a new trial on Quinn's claim that the Chemence Parties acted in bad faith in bringing an action against him for violation of the Georgia Trade Secrets Act.[2]

## I. DISCUSSION

### A. Statute of Frauds

The Chemence Parties acknowledge there was an oral agreement with Quinn but contend that agreement was unenforceable under Georgia's statute of frauds. *See* O.C.G.A. § 13-5-30. Their argument consists primarily of two points. First, Quinn argued at trial that the oral agreement included the terms of his prior written agreement with CMPI. According to the Chemence Parties, some of those terms could not have been performed within one year. *See id.* § 13-5-30(5) (statute of frauds applies to "[a]ny agreement that is not to be performed within one year from the making thereof"). Second, the Chemence Parties insist Quinn cannot avail himself of the part performance exception to the statute of frauds because his actions must have been both "consistent with the presence of [the alleged oral]

---

[2] We discuss only the first and second issues in this opinion and affirm the remaining issues without discussion.

contract and inconsistent with the [absence] of [it]." *Morgan v. Am. Ins. Managers, Inc.*, 521 S.E.2d 676, 678 (Ga. Ct. App. 1999) (quotation omitted); *see* O.C.G.A. § 13-5-31(3) (statute of frauds does not apply "[w]here there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance").

We need not determine whether the contract could have been performed within one year because the evidence was sufficient for a reasonable jury to find that Quinn rendered part performance and thus the oral agreement was removed from the statute of frauds.  It is undisputed that Quinn continued to perform his duties, which the Chemence Parties accepted—indeed, they continued paying him his $4,000 consulting fee, consistent with the terms of the alleged oral agreement. Quinn provided medical and scientific advice, conducted testing to support the Chemence Parties' submissions to the FDA, answered customers' questions, and met with FDA representatives, all after the written agreement had expired.  In addition, the jury was permitted to credit Quinn's testimony that when he was solicited to perform consulting work for a competitor, he refused and continued to put his best efforts into his work for the Chemence Parties because he was entitled to commissions.  According to Quinn, he notified the Chemence Parties of the solicitation immediately and they expressed concern that he would leave.  These and other facts recounted by the district court show there was sufficient evidence

on which a reasonable jury could find the oral contract fell within the part performance exception to the statute of frauds. *See Hemispherx Biopharma, Inc. v. Mid-S. Capital, Inc.*, 690 F.3d 1216, 1226–27 (11th Cir. 2012) ("The question of whether there has been part performance sufficient to warrant application of this exception to the statute of frauds is generally one for the jury." (citing *Hathaway v. Bishop*, 449 S.E.2d 318, 320 (Ga. Ct. App. 1994))).

*B. Exclusion of Wilson*

The Chemence Parties also contend the district court erred when it excluded Robert Wilson, the Chemence Parties' general counsel, from serving as a witness at trial. Our review of the district court's decision here is "sharply limited to a search for an abuse of discretion and a determination that the findings of the trial court are fully supported by the record." *Mee Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1211 (11th Cir. 2010) (quotation omitted). We find no such abuse of discretion. The district court accurately assessed the history of the case, including the Chemence Parties' multiple representations to the court that Wilson would not serve as a witness, resulting in the court's permitting him to continue as litigation counsel over Quinn's objection. As a result, Wilson participated in all subsequent discovery in the case. The district court was within its discretion to grant Quinn's motion to exclude Wilson as a witness.

## II. CONCLUSION

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**